Good morning, Your Honors, and may it please the Court, John Taddy for the United States. Chief Judge Howard, I would like to reserve two minutes for rebuttal, if I may. Yes. In this case, the District Court vacated the defendant's judgment of conviction and sentence. It did so sua sponte and out of time, and therefore without jurisdiction. It also did so contrary to the defendant's wishes. Mr. Mercado-Flores is entitled to his original bargain, and this Court should grant the party's request to reinstate the original conviction and sentence. As the defendant quite accurately wrote in his brief, the District Court was doubly handcuffed in this case. First, the District Court was handcuffed by Federal Rule of Criminal Procedure 11E, which indicates that a plea may be set aside only on direct appeal or collateral attack. This Court held that that provision is jurisdictional in United States v. Ruiz del Valle. Then, a year and a half later, the District Court sentenced the defendant to 57 months of imprisonment and a 10-year term of supervised release. Under 18 U.S.C. Section 3582B, a judgment of conviction that includes a term of imprisonment may not be modified by a District Court except in limited circumstances. Those limited circumstances are set forth in 18 U.S.C. Section 3582C. The only plausibly relevant exception that's identified in Section 3582C is Federal Rule of Criminal Procedure 35, and that has requirements that this Court has held are jurisdictional as well. First, a District Court must act within 14 days to correct what can only be an arithmetical, technical, or other clear error. The District Court did not correct that sort of an error. The District Court rendered a decision based on an interpretation of the statute that was completely novel at the time it was issued. The District Court also did not act within the 14-day time frame. As a result, the District Court also failed this jurisdictional requirement. Given these violations of the Federal Rules of Criminal Procedure and Section 3582C, and these jurisdictional violations, the appropriate remedy in this case would be for this Court to reinstate the original judgment of conviction and sentence and give Mr. Mercado-Flores his original bargain of 57 months of imprisonment and a 10-year term of supervised release. Counsel, should we not be concerned that it seems just unseemly to be ordering the reinstatement of a conviction for what is no longer, what is not a crime? That should not concern us at all that we're being asked to do that? Well, no, Your Honor, because in this case, both the government and the defendant agree that the Court's decision in Maldonado-Burgos, which as Chief Judge Howard noted in his dissent from denial of re-hearing in Bank, to the government's petition for re-hearing in Bank in Maldonado-Burgos, was a very late-breaking change in the law. It overturned 71 years of precedent as held by this Court in United States v. Crespo that what the defendant did do was a crime. So at the time that the defendant entered into his plea with the government and the District Court accepted that plea, it was textbook law within the circuit that what he did was a crime. The defendant has not challenged the retroactive application of that Maldonado-Burgos decision. He's intentionally waived that argument at this point and is specifically asking to be placed in the position that he was in when he entered his plea, I believe more than two years prior to this Court's decision in Maldonado-Burgos. This Court decided that case in December of 2016. He entered his plea in May of 2015 and had pled guilty, I believe, on July 31st of 2014, well before that. Counsel, obviously the defendant is very focused on the imprisonment that he's now serving, does not want to face the prospect of a longer term because another charge would have the mandatory minimum. There are collateral consequences to convictions. Would he, in your view, be barred in the future from seeking to vacate his conviction on the premise that he pled guilty to something that is not a crime? Would he be barred from trying to undo that conviction because of the collateral consequences that flow from it? No, Your Honor. The proper procedure would be for the defendant to file a motion pursuant to 28 U.S.C. 2255 in the district court arguing that Maldonado has changed the legal landscape and that his conviction is no longer valid. Now, the defendant has chosen not to do that in this case and has affirmatively waived that on appeal, but there are remedies the defendant could pursue if he were to choose to. Now, as the defendant noted in his brief, the vacation of his conviction has opened up the possibility of a prosecution under 18 U.S.C. section 2423, which this court has not yet reviewed in the wake of Maldonado-Burgos, but several district courts have held would apply to his conduct in comparable cases. So that's a strategic question that the defendant and the defendant alone can decide. The district court does not have the authority after accepting a plea and sentencing a defendant to a term of imprisonment to make that decision for a defendant. 2423 is the child prostitution, child trafficking? The trafficking of minors charge, 18 U.S.C. 2423, yes, Your Honor. Unless Your Honor has any further questions, I'll reserve the remainder of my time for rebuttal. Well, you'll get two minutes. Thank you. May it please the court, Lisa Avin on behalf of defendant Jorge Mercado-Flores. If you told me in law school that as a criminal defense attorney I'd be siding with the government, begging this court to reinstate a criminal conviction and a 57-month sentence, and also telling the court not to review the applicability of a statute because it is not an issue by the parties, I would have laughed. I'm not laughing today, but the unusual posture of my case cannot be ignored. My client's pretty much done with the 57 months he already had in his plea agreement with good time, and the longer this court takes to make a decision, the more in jeopardy he is of actually facing a longer prison term than the 57 months he agreed to. Obviously, this case is so unusual that I've actually had many discussions at this point with the government, which never happens. I've never stood on this side of the table before. I did have a feeling that your honors were probably primarily concerned with what your honor just suggested, that perhaps my client would now be going to ask to be reinstated on the conviction of a crime that no longer exists as a crime. However, let's be clear. I wish that were the case in most of my cases on the criminal defense side, that I'd get that benefit of the lens and the view. That has never been the case. This case was done a year and a half before Maldonado-Burgess ever was decided. It was ready to be argued a year ago, several months before Maldonado-Burgess would have even been decided. So are we now suggesting that based on bad timing, unfortunately for my client, that he now can't get the benefit that he bargained for? I have a really hard time suggesting that this court now is going to overlook grievous procedural error by a court for timing of a new decision, which, by the way, at this point... You describe it as grievous procedural error. It's worse than that, isn't it? It's not procedural at all. It's a court acting lawlessly without any authority. Correct. Absolutely. And I think it's time for this court to write an opinion and give clear instruction about when, if a court feels that a statute doesn't apply to a case, it should actually raise the issue. It should not take a guilty plea, sentence the defendant, enter into conviction, and then decide three weeks later to change it. The court had plenty of opportunity during sentencing to postpone sentencing, ask for briefing on the issue, and then address the merits of that issue. It didn't do it. So, unfortunately, my client... I think the judge meant well. He tried to do my client a favor, but in the end, it's worse for my client. He's now facing more time than 57 months, and he's looking at possibly facing 10 years in prison under 2423A. And I don't think at this point I would suggest to roll the dice to see how this court may come out in the future as to the applicability of Puerto Rico under 2423A. I just think at this point, this court needs to actually send a message procedurally that the court did act unlawfully. It had no jurisdiction. All of its actions were void. And I really, at this point, am perplexed. It's a pretty simple procedural matter at this point, why we're discussing this any further. The conviction needs to be reinstated. My client needs his 57 months back. The guilty plea he took, accepted, and consented, and never, ever withdrew needs to be put back into place. I'm sorry. Are you suggesting that it was inappropriate for us to express some concern about being asked to reinstate a conviction for what is no longer a crime? You seem to suggest that we were almost silly to even be concerned about that. No. I don't mean to suggest silliness. I just mean my clients waited an awful long time. And unfortunately, most of the time, defendants are on the other side of the coin. I had a case that my client received 13 years for a drug conspiracy, even though during sentencing, before sentencing, the judge had warned that there wasn't a conspiracy. And my client did get convicted of a crime he didn't commit. Ultimately, fortunately, I was able to remedy that in another case. But it was only because, as a defense attorney, I brought the issue before the court. It would never have come out. I just find the irony is, like, obviously it's a fair victory. My client's going to have a felony conviction. He's already served the time. We can't take that away. But at the end of the day, we're asking that he get the benefit of what he bargained for. Thank you. Your Honors, I just have one final point. In response to some of the questions about whether it's unfair to reinstate a conviction and sentence for something that is no longer a crime, I will also note that the Solicitor General has not yet made a determination as to whether to proceed with a petition for certiorari in Maldonado Burgos, so it is possible that that case is not yet final. And unless Your Honors have any further questions, we would rest in the briefs. Thank you.